```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**HARVEY PATRICK SHORT,**

      Petitioner,

v.                              Civil Action No. 2:10-00002

**WILLIAM M. FOX, Warden, St. Mary's
Correctional Center,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of habeas corpus filed January 4, 2010.  This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) on February 8, 2010.

The magistrate judge recommends that the court order that petitioner's habeas petition be dismissed without prejudice as premature.  Petitioner filed objections on February 8, 2010.

Petitioner states in his objections that he is "not attacking his conviction and sentence.  He only seeks to have the federal court to order the state court to adjudicate the state habeas corpus petition . . .."  (Objs. ¶ 14).  Petitioner claims

that he filed a state habeas petition in circuit court on June 9, 2009, and the circuit court judge is purposely delaying considering his petition in retaliation for ethics complaints petitioner previously brought against the judge. (Objs. ¶¶ 5-7). Petitioner urges the court to consider the fact that he is scheduled for a parole hearing in September 2010 and may be released at that time. (Objs. ¶¶ 10, 23). Petitioner further requests that this case be consolidated with Short v. Hoke, 2:09-1097, because it involves the same state court judgment as this case.[1] (Objs. ¶ 20).

It is true that a petitioner need not present his claims to state court or exhaust his state court remedies if circumstances render the state remedial process ineffective in protecting the prisoner's rights. 28 U.S.C. § 2254(b). The Court of Appeals for the Fourth Circuit has recognized that there is authority for excusing exhaustion when exhaustion efforts are "sufficiently shown to be futile in the face of state dilatoriness or recalcitrance." Farmer v. Circuit Court of Maryland for Baltimore Cty., 31 F.3d 219, 223 (4th Cir. 1994). Several other courts of appeals have held that federal

---

[1] In view of the disposition of this matter, the court need not address consolidation.

intervention may be proper without exhaustion of state remedies when state proceedings are rendered ineffective by an inordinate or unreasonable delay in hearing a petitioner's claims. See, e.g., Lee v. Stickman, 357 F.3d 338, 341-42 (3d. Cir. 2004) (exhaustion requirement excused when state delayed eight years in reaching the merits of the petition); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994) (a two-year delay by the state in a direct criminal appeal creates a presumption of ineffectiveness); Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992) (district court properly excused the exhaustion requirement when petition "languished in state courts for more than three years" and state did not assert the nonexhaustion defense in its answer); Muci v. Missouri State Dept. Of Corrections, 543 F.2d 633, 635-36 (8th Cir. 1976) (prisoner allowed to pursue federal remedy when state delayed filing a response to his state petition for over a year).

Here, petitioner filed his state habeas petition on June 9, 2009, and filed this action on January 4, 2010, waiting less than seven months after filing his state habeas petition to file his federal petition. This "delay" is neither unreasonable nor inordinate. The fact that petitioner may be paroled before the state hears his petition may render the delay more significant but it does not compel a speedier treatment of his

petition by state court. See Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984) (holding that a year-long delay in processing petitioner's post-conviction motion in state court did not warrant federal intervention, and that her challenge to the validity of her conviction would not be rendered moot by her release on parole). Inasmuch as petitioner's state habeas petition is still pending and the delay is not unreasonable, his habeas corpus petition is premature in that he has not exhausted his state remedies.

For the above reasons, following a de novo review, the court concludes that the recommended disposition is correct. The court, accordingly, ORDERS as follows:

1. That the magistrate judge's proposed findings and recommendation be, and it hereby is, adopted by the court and incorporated herein;

2. That the petition for a writ of habeas corpus be, and it hereby is, denied; and

3. This action be, and it hereby is, dismissed without prejudice and stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), petitioner must file any appeal within 30 days after entry of the Judgment in this action. The failure within that

period to file with the Clerk of this court a notice of appeal of the Judgment will render this memorandum opinion and order and the Judgment final and unappealable.

The Clerk is directed to forward certified copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: May 12, 2010

_____
John T. Copenhaver, Jr.
United States District Judge